UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL W. CHEATHAM, | ) | CASE NO. 1:07 CV 1674 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JUDGE JUDITH KILBANE-KOCH, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 6, 2007, plaintiff pro se Michael W. Cheatham filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Judith Kilbane-Koch, Assistant Cuyahoga County Prosecutor Lawrence Floyd, Attorney Henry Hilow, and the State of Ohio. In the complaint, Mr. Cheatham alleges is being unfairly detained in the Cuyahoga County Jail and is being denied a fair trial. He seeks dismissal of the criminal charges pending against him, release from jail, and monetary damages.

**Background**

Mr. Cheatham was indicted on charges of theft on February 15, 2006. A capias was issued for his arrest. Mr. Cheatham was arraigned on November 7, 2006. Cuyahoga County Common Pleas Court Judge Judith Kilbane-Koch was assigned to hear the case. Henry Hilow was appointed by the court to represent Mr. Cheatham. The first pre-trial was scheduled for December

14, 2006, at which time a personal bond was set at $ 1,000.00 subject to Mr. Cheatham participating in court supervised release. A second pre-trial was scheduled for January 4, 2007.

After the initial pre-trial, Mr. Cheatham met with the probation department and was told to report back to them after his next court date. Mr. Cheatham contends that he appeared for the pre-trial conference scheduled for January 4, 2007 but found that the court was not going to conduct an actual hearing. Instead, he claims he met with Mr. Hilow in a vacant courtroom. Mr. Hilow told him he would be charged with a third degree felony, and indicated he should report back to court on January 31, 2007 at 9:00 a.m for the trial. Mr. Cheatham states that he asked Mr. Hilow if he was required to do anything else at that time and indicates that he was told he was done for the day. Mr. Cheatham understood that statement to mean that he did not have to report to the probation department after court that day. The probation officer notified Judge Kilbane-Koch that Mr. Cheatham failed to report as required. A capias was issued for Mr. Cheatham's arrest. Mr. Cheatham was taken into custody and has remained in the Cuyahoga County Jail awaiting trial. He contends that the revocation of his bail was unfair and premised on a misunderstanding of the instructions.

Mr. Cheatham further alleges that he has been denied a speedy trial and has not received fair treatment by the defendants. He claims Mr. Hilow filed a Motion for a Bill of Particulars on November 27, 2006. He indicates that the Prosecutor Lawrence Floyd did not respond to the Motion until two days before the scheduled start of the trial, thereby causing its delay. He claims he filed pro se Motions to which the prosecutor failed to respond. He contends that his attorney, Mr. Floyd and Judge Kilbane-Koch concealed information from him to attempt to coerce him into accepting a plea bargain. He states that Mr. Hilow failed to communicate with him on important matters which prompted him to file a Motion for appointment of new counsel. The

Motion was granted by the court. He contends his trial has been continued numerous times against his wishes. Mr. Cheatham's case now has been reassigned to Judge Stuart Friedman, and is is scheduled for trial on August 27, 2007. Mr. Cheatham asserts that "because my case #476428 in Common Pleas Court Cuyahoga County, Ohio has been riddled with violations of my rights resulting in cruel and unusual punishment" he is requesting that the criminal charges against him be dismissed and that he be immediately released from jail. He further requests an award of monetary damages at a rate of $ 1,000 per day per violation.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Cheatham is asking this court to intervene in a pending Ohio criminal action and dismiss the charges against him. This court cannot grant that type of relief. A federal court must decline to interfere with pending state proceedings involving important state interests unless

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988); see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy"). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. See Younger, 401 U.S. at 44-45. Furthermore, Mr. Cheatham has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this court is required to abstain from intervening in the Cuyahoga County Court of Common Pleas proceedings.

Generally, the Younger doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. See Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998); see also Myers v. Franklin County Court of Common Pleas,

4

No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001). As plaintiff has failed to state a viable claim for damages against any of the named defendants, however, this case must be dismissed. See Wheat v. Jessamine Journal Newspaper, No. 95-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996)(stating that is was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

As an initial matter, Mr. Cheatham seeks monetary damages from the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

In addition, Judge Judith Kilbane-Koch cannot be liable in a civil suit for damages for decisions she made in the course of a case over which she presided. Judicial officers are absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Mr. Cheatham contends that Judge Kilbane-Koch issued orders which are contrary to Ohio law. He does not have recourse against the Judge for damages under 42 U.S.C. §1983 for these types of actions.

5

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. Id. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into a claim of improper and malicious actions by the State's advocate. Imbler, 424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002). In this instance, the challenged actions of Cuyahoga County Assistant Prosecutor Lawrence Floyd were all directly associated with the judicial phase of Mr. Cheatham's prosecution. Consequently, Mr. Floyd is entitled to absolute immunity.

Finally, Mr. Hilow, as a private attorney, is not subject to suit under 42 U.S.C. §1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state

6

law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). A privately retained or appointed attorney is not considered a state actor under 42 U.S.C. § 1983. Washington v. Brewer, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); see also, Polk County v. Dodson, 454 U.S. 312, 321 (1981).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.